**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-1245-JFW(JCx)** | Date: February 20, 2024 |
| Title: | Omar Attalah, et al. *-v-* Mercedes-Benz USA, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION; and**

**ORDER TO SHOW CASE RE: SANCTIONS**

On January 10, 2024, Plaintiffs Omar Attalah and Virgiine Fongond (collectively, "Plaintiffs") filed a complaint against Defendant Mercedes-Benz USA, LLC ("Defendant"). On February 14, 2024, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In the Notice of Removal, Defendant alleges that Plaintiffs are citizens of California and Defendant "was (and still is) a Delaware corporation, headquartered in Atlanta, Georgia." Notice of

Removal, ¶¶ 16-17.  However, Defendant appears to be an limited liability company, not a corporation.  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Indeed, in *Poposyan v. Mercedes-Benz USA, LLC*, 2024 WL 210135 (C.D. Cal. Jan. 19, 2024), the court stated that Defendant is a limited liability company and that Defendant represented that it is a citizen of Michigan and Delaware.  Specifically, the court stated that:

> To demonstrate diversity of citizenship, [Mercedes-Benz USA, LLC] offers the declaration of Defense Counsel representing that Defendant is a limited liability company wholly owned by one member, Mercedes-Benz North America Corporation ("MBNAC"), and that MBNAC is a Delaware corporation with its principal place of business in Michigan . . . Thus, according to [Mercedes-Benz USA, LLC], [Mercedes-Benz USA, LLC] is a citizen only of Michigan and Delaware.

*Id.*, at *3.

In this case, it appears that Defendant misrepresented both its citizenship and what form of business entity it is in the Notice of Removal.  Accordingly, Defendant is hereby ordered to show cause, in writing, no later than February 26, 204, why the Court should not impose sanctions in the amount of $1,500 for Defendant's misrepresentations to the Court.

In addition, because of Defendant's misrepresentations, the Court cannot determine if complete diversity of the parties exists.  Accordingly, Defendant is also hereby ordered to show cause, in writing, no later than February 26, 2024, why this Court should not remand this action for lack of subject matter jurisdiction.

No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action and the issuance of sanctions.

IT IS SO ORDERED.